(No. 4364—

ANTHONY HROMA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1952.*

GEORGE W. MC GURN, BURTON H. YOUNG AND JOHN J. RIORDAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

This claim is brought by Anthony Hroma, who was injured while confined at the Illinois State Penitentiary, Pontiac Branch.

The undisputed facts show that claimant was assisting in slaughtering a cow under the supervision of Oscar Wilmeth, dairy manager, on May 17, 1950,

and suffered an injury, which resulted in the amputation of his right finger.

There is some dispute as to who struck the blows in an attempt to kill or stun the cow. Claimant testified Wilmeth did, and Wilmeth testified some other inmate did the striking. There is no dispute that a sledge hammer of the ordinary variety was used, and that the cow was struck at least four times. The third blow broke the sledge hammer, and the cow fell to the floor under a door where it could slide into the slaughtering room. Claimant assisted in holding the door on the cow, and Wilmeth left to secure another sledge hammer. Upon his return he ordered the door opened, and struck the cow. The blow caused the head of the cow to jerk and strike the door, and claimant's finger was caught thereby.

Claimant states he had no previous experience in slaughtering operations. Wilmeth testified claimant had observed slaughtering operations. All agree that claimant was performing duties under orders and instructions of his overseers.

John Bussa, an expert in "knocking cattle", testified that the type of hammer used by Wilmeth, or some other person, would only daze the animal, and not kill it; and that the reason for a smaller surface hammer is to hit the "brain box", a particular spot on the animal's forehead, for the purpose of killing; and, the "brain box" being such a small area, the type of sledge hammer used on the occasion in question would diffuse the blow, and not kill the animal.

The evidence shows Wilmeth was an overseer of slaughtering for 17 years; that when he struck the cow it flounced and hit the door; that Wilmeth did not strike the three original blows, but that they were

struck by inmates. There was no evidence to show what experience the inmates had, and, after striking the cow three times, Wilmeth ordered them to strike it again, whereupon he was informed the sledge hammer had broken.

The evidence shows that proper equipment for slaughtering was not used. According to Wilmeth he could not see the knocking operation, and, after the animal had been hit several times, he, himself, ran and got a sledge hammer, but there is no testimony that he warned claimant, or observed the position of his hands.

This manner of slaughtering a full grown cow created a highly dangerous situation. The claimant was trying to help in subduing the cow, and was injured by acts of persons beyond his control. It is the Court's opinion that it was negligence on the part of the State in the method and equipment used. The claimant, under the circumstances, could not be guilty of contributory negligence. He did what he was told to do, and was thereby injured.

The medical testimony shows an impairment of the function of the hand. It shows that claimant was hospitalized for eleven days, suffered a good deal of pain, and that, when he strikes the stump of the finger, it causes a shock in his arm, and his grip is impaired; and, that the injury has interfered with his work as a brick mason. One of the doctors testified that further removal of the finger stump should be made to relieve pain from an exposed nerve.

To deny a recovery to this claimant would be to say that he could be placed in an enclosure of danger created by the acts of the employees of the State; and, that claimant was guilty of contributory negligence,

because in holding down an infuriated cow he had his finger in the wrong place.

From the facts in this case, claimant is entitled to recover.

An award, is, therefore, entered in favor of claimant in the amount of $1,500.00.